UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUMEL LLOYD,

                Plaintiff,

                -against-                  16-CV-4189 (CM)

NEW YORK CITY; DETECTIVE NASH;         ORDER OF DISMISSAL
POLICE COMMISIONER WILLIAM
BRATTON; JOHN DOE,

                Defendants.

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, currently incarcerated at the Otis Bantum Correctional Center on Rikers Island, brings this action *pro se* and *in forma pauperis*. By order dated July 19, 2016, the Court directed Plaintiff to amend his complaint. Plaintiff submitted an amended complaint on August 18, 2016, and the Court has reviewed it. The Court dismisses the amended complaint for the reasons set forth below.

## STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND AND DISCUSSION

In his original complaint, Plaintiff stated that he was shot and stabbed by Defendant John Doe in the Bronx. Defendant Detective Nash allegedly witnessed the incident and did nothing to stop the assault or apprehend the assailant, and he arrested Plaintiff "under false pretenses." The Court directed Plaintiff to amend his failure-to-protect and false arrest claims.

The allegations in the amended complaint are essentially unchanged. Plaintiff does not include additional facts supporting a claim that the government actively created or increased the danger to him and that Detective Nash failed to protect him from that danger. With respect to his false arrest claim, Plaintiff does not provide sufficient facts from which the Court could reasonably infer that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). As in his original complaint, Plaintiff does not explain what he was arrested for or the status of any criminal charges against him.

Plaintiff's amended complaint does not cure the deficiencies in his original pleading. He does not provide sufficient facts to show how his constitutional rights were violated, how any defendants were personally involved in any alleged violation, or how any municipal policy or custom had any effect on the alleged deprivation of his federally protected rights. His complaint must therefore be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In addition, to the extent that Plaintiff asserts state-law claims in his amended complaint, under the Court's supplemental jurisdiction, the Court dismisses them without prejudice. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28

U.S.C. § 1367(c)(3). Because none of Plaintiff's federal claims discussed above can survive dismissal, the Court declines to exercise supplemental jurisdiction over any state-law claims Plaintiff may be asserting in his amended complaint. *See Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state-law claims where no federal claims remained). The Court offers no opinion as to the merits of any state-law claims Plaintiff may wish to pursue in state court.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy to Plaintiff, and note service on the docket. Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 23, 2016
        New York, New York

                                          COLLEEN McMAHON
                                        Chief United States District Judge